IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LA-QUN RASHEED WILLIAMS,<br><br>　　　　　*Plaintiff,*<br><br>　　v.<br><br>MRS. STICKNEY, et al.,<br><br>　　　　　*Defendants.* | CIVIL ACTION<br><br>NO. 22-214 |

## ORDER

**AND NOW**, this 21st day of August, 2023, upon consideration of Sorber, Grenevich, Stickney, Luquis, Little and Wetzel's Motion to Dismiss, (ECF 27); Terra's Motion to Dismiss, (ECF 39); Marsh and Booher's Motion to Dismiss, (ECF 42)—all of which raise the issue of whether Williams has exhausted his administrative remedies in accordance with the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)[1]—and Williams's responses thereto, (ECF 55, 56, 57), it is hereby **ORDERED** that:

---

[1]　　The Prison Litigation Reform Act of 1995 ("PLRA") prevents prisoners from filing suit with respect to prison conditions under § 1983 "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007). Proper exhaustion requires an inmate to "complete the administrative review process" in compliance with all applicable procedural rules prior to filing suit in federal court. *Woodford*, 548 U.S. at 88. To determine whether Williams properly exhausted his claim, the Court must evaluate his "compliance with the prison's administrative regulations governing inmate grievances, and the waiver, if any, of such regulations by prison officials." *Spruill v. Gillis*, 372 F.3d 218, 222 (3d Cir. 2004).

　　Exhaustion is mandatory, *Ross v. Blake*, 578 U.S. 632, 638 (2016), and applies "to all inmate suits about prison life, whether they involved general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). It is "a non-jurisdictional prerequisite to an inmate bringing suit and, for that reason, . . . it constitutes a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time." *Rinaldi v. United States*, 904 F.3d 257, 265 (3d Cir. 2018) (citation and internal quotation omitted); *see also Small v. Camden Cnty.*, 728 F.3d 265, 271 (3d Cir. 2013) ("[E]xhaustion constitutes a preliminary issue for which no right to a jury trial exists."). It is Defendants' burden to establish Williams's failure to exhaust because exhaustion is an affirmative defense. *Small*, 728 F.3d at 268.

1. Failure to exhaust is an affirmative defense the defendant must plead and prove; it is not a pleading requirement for the prisoner-plaintiff. *Paladino v. Newsome*, 885 F.3d 203, 207 (3d Cir. 2018). Consideration of whether Williams properly exhausted his administrative remedies requires the Court to consider matters outside of the pleadings in the context of summary judgment. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). "[A] district court must—at a minimum—notify the parties that it will consider exhaustion in its role as a fact finder . . . before doing so." *Paladino*, 885 F.3d at 211; *see also* Fed. R. Civ. P. 12(d) ("All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."). The Court is placing all parties on **NOTICE** that it will consider whether Williams has exhausted his administrative remedies with respect to any and all claims remaining in this case against any remaining Defendant in its role as a fact finder at the appropriate time;

2. Sorber, Grenevich, Stickney, Luquis, Little and Wetzel's Motion to Dismiss, (ECF 27), is **GRANTED in part and DENIED in part** as follows:

    a. Williams's claims under 42 U.S.C. § 1983 against Little are **DISMISSED without prejudice**,[2]

---

[2] Williams names former Acting Secretary of Corrections George Little as a defendant in the caption, but there are no allegations against him in the body of the Amended Complaint. *See* (ECF 4).

    b. Williams's due process claim against Sorber, Grenevich, Stickney, and Luquis is **DISMISSED without prejudice**, and

    c. The remainder of the Motion is **DENIED** without prejudice to the remaining defendants' ability to reassert the affirmative defense of failure to exhaust at the appropriate time;

3. Terra's Motion to Dismiss, (ECF 39), is **GRANTED in part and DENIED in part** as follows:

    a. Williams's due process claim against Terra is **DISMISSED without prejudice**, and

    b. The remainder of the Motion is **DENIED** without prejudice to Terra's ability to reassert the affirmative defense of failure to exhaust at the appropriate time;

4. Booher and Marsh's Motion to Dismiss, (ECF 42), is **DENIED** without prejudice to their ability to reassert the affirmative defense of failure to exhaust at the appropriate time;

5. To the extent Williams can amend his Complaint to state a claim for a due process violation against Sorber, Grenevich, Stickney, Luquis or Terra, or to allege personal involvement by Little in a constitutional violation, he may do so **on or before September 22, 2023.**

                                                      BY THE COURT:

                                                      ***/s/ Gerald J. Pappert***
                                                      GERALD J. PAPPERT, J.